# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

KIESHA HARRISON,

        Plaintiff,

  v.

NO DEFENDANT LISTED,

        Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-08111 (JBS-AMD)

**OPINION**

APPEARANCES:

Kiesha Harrison, Plaintiff Pro Se
828 Blackwood Clementon Rd., Apt. 272
Pine Hill, NJ 08021

**SIMANDLE, Chief District Judge:**

    1.   Plaintiff Kiesha Harrison seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1.

    2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

plaintiff must show: "(1) a person deprived [her] of a federal right; and (2) the person who deprived [her] of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

7. Plaintiff has not named a defendant in the complaint. The Complaint must therefore be dismissed.

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

8. Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

9. Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff alleges that she was confined in the Camden County Jail in 2009, 2012, 2013, 2014, and 2015. Complaint § III. The facts section of the complaint states: "When I was in the jail over crowding in my cells no proper bedding laying on the floor with no matts [illegible] Bugs such as roach[es] in my food." *Id.* Plaintiff further alleges: "My shoes were not safe the rubber of my shoe came off I fell and hurt my knee in the gymnasium and I was sent to medical and they just gave me Tylenol for pain, I asked [to go] to hospital cause I hit my head but they refuse to send me out. This happen in June 28, 2015." Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not

4

rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

11. In addition, to the extent that Plaintiff seeks to allege a claim based on a violation of her right to adequate medical care, there are not enough facts to support an inference that Plaintiff's rights were violated in this regard. In order to set forth a cognizable claim for a violation of her right to adequate medical care, an inmate must allege: (1) a serious

5

medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Plaintiff's assertion that she was not sent to the hospital when she asked to go is insufficient to meet the pleading standard in the absence of additional facts. If she wishes to pursue this claim, Plaintiff should provide additional facts supporting both of the requirements in her amended complaint.

12. Moreover, to the extent the complaint seeks relief for conditions Plaintiff encountered during confinements ending prior to November 1, 2014, namely, Plaintiff's claims arising from her 2009, 2012, and 2013 confinements, those claims are barred by the statute of limitations and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because they have been brought too late.

13. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The

allegedly unconstitutional conditions of confinement at CCJ, namely the overcrowded conditions, bugs in Plaintiff's food, and alleged lack of medical care, would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for Plaintiff's 2009, 2012, and 2013 claims expired in 2011, 2014, and 2015, respectively, well before this complaint was filed on November 1, 2016. Plaintiff therefore cannot recover for these claims.[3]

14. As Plaintiff may be able to amend her complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order. However, in the event Plaintiff elects to file an amended complaint, she should focus only on facts that occurred during her 2015 confinement and her 2014 confinement, provided her 2014 confinement ended on or subsequent to November 1, 2014. Claims arising from periods of confinement ending prior to November 1, 2014, are barred by the statute of limitations and Plaintiff may not assert them in an amended complaint.

---

[3] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of her cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing her claim, and there is nothing to indicate Plaintiff filed her claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

15. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[4] *Id.*

16. For the reasons stated above, Plaintiff's claims arising from her 2009, 2012, and 2013 confinements are barred by the statute of limitations and are therefore dismissed with prejudice. The remainder of the complaint, insofar as it seeks relief for claims arising from Plaintiff's 2014 and 2015 confinements, is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

---

[4] The amended complaint shall be subject to screening prior to service.

17. An appropriate order follows.

**April 13, 2017**              **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge